UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LONNIE SPELLMAN,** : | |
| : | CIVIL ACTION NO. 3:22-0069 |
| **Plaintiff** : | |
| : | (JUDGE MANNION) |
| v. : | |
| : | |
| **JOHN DOE,** *et al.,* : | |
| : | |
| **Defendants** : | |

## ORDER

Upon consideration of Plaintiff's motion to compel proper service pursuant to Fed.R.Civ.P. 5 and not through Smart Communications, which he claims he never consented to, (Doc. 13), **IT IS ORDERED THAT** Plaintiff's motion (Doc. 13) is **DENIED**.[1]

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:** April 13, 2022
22-0069-02

---

[1] Department of Corrections ("DOC")'s policy DC-ADM 803 provides, however, that "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center," which is the Smart Communications center located in St. Petersburg, Florida. Privileged mail may be sent directly to the inmate at the institution where he is housed. Incoming privileged mail includes, *inter alia*, mail from a court as well as "[m]ail from an inmate's attorney that is either hand-delivered to the facility by the attorney or delivered through the mail system and identified with a control number issued to the sender by the Department's Office of Chief Counsel." In the instant case, counsel for Defendants is not representing Plaintiff; therefore, any mail sent by counsel to Plaintiff is not considered to be privileged mail and must be sent to Plaintiff *via* Smart Communications. If service is delayed and a deadline is pending, Plaintiff is free to seek an enlargement of time from the Court.