UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE SPELLMAN : | |
| : | CIVIL ACTION NO. 3:22-0069 |
| Plaintiff : | |
| : | (JUDGE MANNION) |
| v. : | |
| JOHN DOE SECRETARY, *et al.*, : | |
| : | |
| Defendants : | |

**MEMORANDUM**

**I. Background**

Plaintiff, Lonnie Spellman, an inmate formerly confined[1] at the State Correctional Institution, Frackville, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of actions which occurred while confined at the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania. Id. The named Defendants are the following twenty-one (21) Department of Corrections (DOC) employees: Secretary Little, Chief Grievance Office, Superintendent Brittain, CHCA Delpais, DS Wynder, Major Carter, Lt. Newberry, SA Newberry, UM Pawling,

---

[1] Plaintiff notified the Court on September 15, 2022 that he had been released from custody and now resides at 1026 W. Rockland Street, Philadelphia, Pennsylvania. (Doc. 19).

UM Adamcik, Sgt. Scarpati, PSS Hansell, Counselor Cintron, CO Doe, CO Doe2, Sgt. Doe am, Sgt Doe pm, Chaplain Anyanwu, Activities Director Doe, ITT tech Doe, and Librarian Gomonda. Id. Plaintiff's complaint challenges an August 2021 DOC decision to house unvaccinated inmates in a separate housing unit within the prison. Id.

Presently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). The motion is fully briefed, and for the reasons set forth below, the Court will grant the Defendants' motion to dismiss.

## II. Factual Allegations in the Complaint

Plaintiff states that on August 5, 2021, "a directive was given to all unvaccinated inmates" that they were "being moved to a unit for the unvaccinated." (Doc. 1). Plaintiff claims that "the following day [he] was let out to shower, use the phone and kiosk," which is "the same day [he] began complaining" that his tablet was "no longer syncing though it had been just before [he] arrived to this unit." Id. As a result of being in this housing unit, Plaintiff alleges he was denied access to religious services, adequate time in the law library, access to the gym and adequate time to the yard. Id. He also alleges he was denied proper linen and protection due to staff not

wearing proper PPE. Id. Plaintiff further alleges he was denied access to working ventilation system, proper access to running water and toilet and hot water. Id. Finally, Plaintiff claims that he was denied protection from vaccinated inmates, access to proper repairs for his tablet, no access to the grievance system and no access to CDC guidelines or implementation of those guidelines. Id. Plaintiff claims his questions and concerns go unanswered. Id.

Plaintiff files the instant action claiming violations of his First, Eighth and Fourteenth Amendments as well as the Equal Protection for being treated unfairly due to his unvaccinated status. Id.

## II.    Rule 12(b)(6) Standard

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P.

8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

### III. Discussion

### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials. U.S. Const. Amend. VIII; Farmer v. Brennan, 511 U.S. 825 (1994). Although the Constitution "does not mandate comfortable prisons ... neither does it permit inhumane ones." Id., 511 U.S. at 833 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. Rhodes, 452 U.S. at 347. Prison officials must, however, provide prisoners with adequate food, shelter, clothing, medical care, and take reasonable measures to guarantee their personal safety. Farmer, 511 U.S. at 832; Helling v. McKinney, 509 U.S. 25, 31–32 (1993).

Prison conditions constitute cruel and unusual punishment if they result in serious deprivation of the prisoner's basic human needs. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000). Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 8–9 (1992); Wilson v. Seiter, 501 U.S. 294, 298

(1991). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 373–34 (3d Cir. 2019) (quoting Wilson, 501 U.S. at 304).

"A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.' " Palakovic v. Wetzel, 854 F.3d 209, 225 (3d Cir. 2017) (quoting Parkell v. Danberg, 833 F.3d 313, 335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. Farmer, 511 U.S. at 834. A prisoner asserting a claim that their conditions of confinement violate the Eighth Amendment must allege (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm," and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." Farmer, 511 U.S. at 834, 844–45. Notably, deliberate indifference requires

more than mere negligence. Farmer, 511 U.S. at 835. Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Plaintiff alleges that the quarantine of the unvaccinated prisoners in the RHU of SCI-Frackville was "inhumane treatment," in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 1).

Defendants' purported action of attempting to vaccinate prisoners against the COVID-19 virus and separating vaccinated and unvaccinated inmates in no way represents "conscience-shocking" conduct. See Fennell v. Wetzel, No. 4:22-CV-00880, 2023 WL 1997116, at *5 (M.D. Pa. Feb. 14, 2023). It is, in fact, an eminently reasonable course of action to protect against the spread of the virus. Walker v. Sorber, No. 21-CV-3477, 2022 WL 4586137, at *5, 7 (E.D. Pa. Sept. 29, 2022) ("Due to the necessarily close and continued contact that prisoners experience, SCI-Phoenix had every reason to attempt to prevent a large-scale outbreak by segregating vaccinated from unvaccinated prisoners[.]").

As such, the Court agrees with the numerous courts throughout the nation that have concluded that similar allegations do not support a plausible inference that officials have demonstrated deliberate indifferent to inmates'

- 7 -

Eighth Amendment rights. See, e.g., Swain v. Junior, 958 F.3d 1081, 1089 (11th Cir. 2020) (granting defendants' motion to stay the district court's grant of a preliminary injunction on the basis that, *inter alia*, the plaintiffs had not demonstrated that defendants were deliberately indifferent to the risk posed by COVID-19 because the correctional facility had "implemented many measures to curb the spread of the virus"); Wylie v. Bonner, No. 2:20-cv-2593-TLP-tmp, 2021 WL 261280, at *4-6 (W.D. Tenn. Jan. 26, 2021) (finding that inmate-plaintiff had failed to state an Eighth Amendment conditions of confinement claim because he failed to allege that staff knew of and disregarded the risks posed by COVID-19); Shokr v. LeBlanc, No. 20-488, 2020 WL 8093228, at * (M.D. La. Dec. 14, 2020) (concluding that the inmate-plaintiff had failed to state a plausible Eighth Amendment claim because measures were being taken to combat the COVID-19 virus); Kesling v. Tewalt, 476 F. Supp. 3d 1077, 1086-88 (D. Idaho 2020) (concluding that inmate-plaintiff's amended complaint failed to set forth a plausible Eighth Amendment claim when prison officials had developed and instituted policies to curb the spread of COVID-19); McKissic v. Barr, No. 1:20-cv-526, 2020 WL 3496432, at *6 (W.D. Mich. June 29, 2020) (concluding that inmate-plaintiff failed to state an Eighth Amendment claim where defendants had taken "significant measures ... to secure prisoner safety and prevent

infection" and the plaintiff's "speculation about the mere possibility that he will become infected does not rise to the level of an Eighth Amendment violation"). Indeed, "the Eighth Amendment does not require perfection on the part of prison officials." See Wylie, 2021 WL 261280, at *6.

Thus, the Court "cannot conclude that, when faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility, [Defendants] here acted unreasonably by 'doing their best.' " See Swain, 961 F.3d at 1289. The Court, therefore, will grant Defendants' motion to dismiss Spellman's Eighth Amendment claims against Defendants.

### B. Equal Protection Claim

Plaintiff alleges that the Defendants' actions of separating the unvaccinated inmates from the vaccinated inmates and placing them into the RHU violated his right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution.

Under the Equal Protection Clause, "persons who are similarly situated should be treated in the same manner." Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 423 (3d Cir. 2000). Because the distinctions in this case are between unvaccinated and vaccinated people, which does "not implicate a suspect or quasi-suspect class, the state action here is presumed to be valid and will be upheld if it is 'rationally related to a legitimate state

interest.' " Id. (quoting City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S, 432, 440 (1985)). In the prison setting, when a "regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

The Defendants here had a legitimate state interest in keeping the inmates in SCI-Frackville safe from the COVID-19 virus. Separating those inmates who are unvaccinated, and thus more susceptible to a COVID-19 infection, from those who are vaccinated, and thus less susceptible to a COVID-19 infection, is rationally related to that goal. Jones v. Cnty. of Allegheny, No. 21-cv-1094, 2022 WL 2806779, at *7 (W.D. Pa. June 24, 2022) ("Because it is difficult to social distance in a correctional setting, the Court cannot second guess where authorities move those who test positive, those who refuse to be vaccinated, those who are more vulnerable to serious complications should they contract Covid-19, and those who recover from Covid-19."), *report and recommendation adopted*, 2022 WL 2803111 (W.D. Pa. July 18, 2022). Thus, Plaintiff has failed to allege any claim under the Equal Protection Clause of the Fourteenth Amendment.

**C. Free Exercise of Religion**

The Supreme Court has recognized that the First Amendment guarantees that all prisoners must be afforded reasonable opportunities to

- 10 -

exercise their religious freedom. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972); see also O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, ... including its directive that no law shall prohibit the free exercise of religion."). However, in order to state a plausible claim, a plaintiff must allege a "substantial burden" on the exercise. Thomas v. Review Bd., 450 U.S. 707, 718 (1981). Moreover, while inmates retain certain protections, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone, 482 U.S. at 348 (quotations omitted).

      Plaintiff's only allegation is that he was "denied access to any religious services by the Chaplain Director." (Doc. 1). This single allegation, however, does not plausibly allege that his religious exercise has been substantially burdened by Defendants' actions due to the pandemic. The State does not have an affirmative duty to provide every prison inmate with the clergy person or the service of his choice. See, Small v. Lehman, 98 F.3d 762 (3d Cir. 1996). Allah v. Al-Hafeez, 208 F. Supp. 2d 520 (E.D. Pa. 2002)(concluding that prisoner's two-month exclusion from religious services did not violate his First Amendment rights). Without more, this vague accusation fails to state a claim. The Court, therefore, will grant Defendants'

motion to dismiss with respect to Plaintiff's First Amendment free exercise of religion claim.

### D. Access to the Courts

It is well-settled that "prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). "In order to state a claim of the denial of access to the courts, a prisoner such as [Plaintiff] must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury." Ross v. Clerk of Courts of Court of Common Pleas of Philadelphia, 726 F. App'x 864, 865 (3d Cir. 2018) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). A complaint raising an access to the courts claim "must describe the underlying claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.' " Christopher v. Harbury, 536 U.S. 403, 416-18 (2002).

Plaintiff avers that the restrictions imposed by Defendants in response to the COVID-19 pandemic has resulted in inadequate law library time. (Doc. 1). His complaint, however, fails to allege any facts concerning the merits of any underlying civil claims that he wished to pursue, let alone allege that he

suffered an actual injury because of the reduced law library access. See Presbury v. Wetzel, 789 F. App'x 294, 295 (3d Cir. 2020) (concluding same). Thus, as pled, Plaintiff has failed to state an access to the courts claim and the Court will, therefore, grant Defendants' motion to dismiss Plaintiff's access to the courts claim.

### E. Fourteenth Amendment Claim

A Fourteenth Amendment due process claim must include the following elements: (1) the plaintiff was deprived of a protected liberty or property interest; (2) this deprivation was without due process; (3) the defendant subjected him to this deprivation; (4) the defendant was acting under color of state law; and (5) the plaintiff suffered injury as a result. Goodwine v. Keller, 2012 WL 4482793 at *9 (W.D. Pa. 2012) (citing Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989)). "The due process analysis starts with determining whether the liberty interest asserted is one that is protected by the Fourteenth Amendment." See Montanez v. Sec'y Dep't of Corr., 2014 WL 5155040, at *6, 773 F.3d 472, 482–83 (3d Cir. Aug. 15, 2014). "If it is a protected interest, we must then determine what process is necessary to protect it. If the interest is not protected, no process is necessary." Stephens v. Canino, 71 F. Supp. 3d 510, 513 (E.D. Pa. 2014) (citations omitted).

- 13 -

The Court of Appeals has explained that:

> A prisoner may be deprived of a liberty interest in violation of the Constitution in two ways: (1) when severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing, [Vitek v. Jones, 445 U.S. 480, 488 (1980)] and (2) when state statutes and regulations create a liberty interest in freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" thereby triggering due process protection, Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Meachum v. Fano, 427 U.S. 215, 223-27 (1976). The first is the so-called independent due process liberty interest, while the latter is the so-called state-created liberty interest.

Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010); Stephens v. Canino, 71 F. Supp. 3d 510, 514-16 (E.D. Pa. 2014).

Thus, in determining whether Spellman's due process rights have been violated, the Court must first consider whether he has adequately pleaded a denial of a liberty interest. Only if he makes such a showing is it necessary for the Court to evaluate "whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989). Spellman claims that because he has been unfairly transferred to the RHU as an unvaccinated inmate, he has been denied due process.

However, Plaintiff does not have an independent due process liberty interest in placement in any particular prison during the term of imprisonment

imposed. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); Lawson v. Carter, No. 16-cv-2088, 2016 WL 6694860, at *2 (M.D. Pa. Nov. 14, 2016) (stating that "it is well-established that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment" (citations omitted)); Feldser v. Curran Fromhold Corr. Facility, No. 22-cv-0211, 2022 WL 801940, at *3 (E.D. Pa. Mar. 15, 2022) (stating that "[i]t is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment" (citations omitted)).. Because he has no protected interested in being housed in any particular prison, Defendant's motion to dismiss Plaintiff's due process claims will be granted.

IV. **Leave to Amend**

Generally, "in forma pauperis plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, leave to amend will be denied because amendment would be futile. Spellman's allegations do not implicate an Eighth Amendment conditions of confinement claim, a First Amendment

- 15 -

religious or access to court's claim or a Fourteenth Amendment due process violation. Spellman's allegations are legally, rather than factually, deficient, and thus amendment would be futile.

## V.     Conclusion

For the above stated reasons, the Court will grant Defendants' motion to dismiss and close the above captioned action.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 28, 2023**
22-0069-01